# Exhibit 04

(Contract for Sale of Business)

S.A.: Nolan Cheng
B.A.: Stacey Poon

# CONTRACT FOR SALE OF BUSINESS

AGREEMENT, made the 1st day of June 2012 in the State of New York

between
whose address is         Akita Inc.
                         1771 1st Avenue, New York, NY 10128

                                                                    hereinafter called the Transferor, and

whose address is         New Akita Inc.
                         1771 1st Avenue, New York, NY 10128

                                                                    hereinafter called the Transferee.

**SUBJECT MATTER OF SALE**

1. The Transferor agrees to sell to the Transferee and the Transferee agrees to buy the following described business: A Restaurant

located at 1771 1st Avenue, New York, NY 10128

including fixtures, equipment, accounts receivable, contract rights, lease, good will, licenses, rights under any contract for telephone service or other rental, maintenance or use of equipment, machinery and fixtures at the said premises, more particularly described in Schedule A hereto attached, free and clear of any debts, mortgages, security interests or other liens or encumbrances except as herein stated. Title shall

**CLOSING DATE**  be closed on or about the       day of May, 2012 at       at the office of NOLAN CHENG, ESQ. 59 East Broadway, 6th Floor, New York, NY 10002

**PURCHASE PRICE**

2. The purchase price to be paid by the Transferee is         $30,000.00

**TERMS OF PAYMENT**

3. The terms of payment are as follows:

Upon execution of this agreement
By cash or certified check, receipt of which is hereby acknowledged         $5,000.00
by Seller

Upon execution and delivery of Bill of Sale
By cash or certified check                                                 $25,000.00

~~By execution and delivery of         Promissory note    of the following tenor, to be secured by a security interest in the goods and chattels and all other personal property mentioned in Schedule A hereof and all other personal property, goods and chattels thereafter acquired used in connection with the aforesaid business; together with all proceeds thereof and all increases, substitutions, replacements, additions and accessions thereto.         $~~

~~Transferee agrees to perfect such security interest by executing and delivering to Transferor a Security Agreement and a Financing Statement, in accordance with the provisions of the Uniform Commercial Code, and all other instruments or documents as may be required by the Transferor. The filing fees thereof shall be paid by the Transferee.~~

~~By taking title subject to and assuming payment of the sum of         $ secured by a now a lien affecting the business and assets or a portion thereof and paying same according to the terms thereof.~~

**ADJUSTMENTS**

4. At the closing the following adjustments shall be made: rents, insurance premiums, taxes, electricity, gas, fuel, water, interest on mortgages or other liens.

**GUARANTY AS TO RECEIPTS**

~~5. Transferor represents that the gross weekly receipts (for a week of       business days) of the business, for the past       weeks averaged the sum of $       per week, and hereby guarantees that the gross receipts for the period from       M.,       20       to M.       20 will aggregate at least the sum of $      ,~~

**~~TRIAL PERIOD~~**

~~6. The aforesaid period shall be deemed the trial period during which full opportunity shall be afforded the Transferee or representatives to keep tally of said gross receipts, and in the event the total of such gross receipts for said period is less than the guaranteed sum, the Transferee shall be repaid in full any deposit or payment on account hereunder, on demand. The Transferee shall not be deemed to have taken possession during this trial period.~~

1

| | |
|---|---|
| CREDITORS LIST | 7. Transferor shall furnish Transferee with a list of Transferor's existing creditors, containing the names and business addresses of all creditors of the Transferor, with the amounts owed to each and also the names of all persons who are known to the Transferor to assert claims against the Transferor even though such claims are disputed. Such list shall be signed and sworn to or affirmed by the Transferor or his agent and, unless such list is appended hereto, it shall be delivered to Transferee at least 15 days before the closing date; provided that if transferee takes possession of the goods or pays for them before that date such list shall be furnished at least 15 days before the happening of either event. |
| PRESERVATION OF LIST AND SCHEDULE | 8. Transferee shall preserve the list of creditors aforementioned as well as the schedule of property (schedule A. hereof) for a period of 6 months next following the date of transfer of title and shall permit inspection of either or both and copying therefrom at all reasonable hours by any creditor of the Transferor; in lieu thereof, Transferee may file such list and schedule in the Office of the Secretary (Department) of State. |
| NOTICE TO CREDITORS | 9. Transferee shall give notice to creditors of the transfer at least 10 days before taking possession of the goods or paying for them, whichever happens first. Notice shall be given in the form and manner as provided in the Uniform Commercial Code. |
| RESTRICTIVE COVENANT | 10. The bill of sale shall contain a covenant by the Transferor and all other persons heretofore active in the said business or in any way interested therein with the Transferor, not to reestablish, re-open, be engaged in, nor in any manner whatsoever become interested, directly or indirectly, either as employee, as owner, as partner, as agent, or as stockholder, director or officer of a corporation, or otherwise, in any business, trade or occupation similar to the one hereby agreed to be sold, within the area bounded: |

northerly by __ten (10) blocks__ in every direction
southerly by_____ "
easterly by_____ "
and westerly by_____ "
for a term of __three (3)__ years from the closing date.

| | |
|---|---|
| LEASE<br><br>TERM<br><br>RENT<br>ASSUMPTION<br>SECURITY | 11. Transferor further agrees, at the time of closing, to assign and transfer as part of this sale the existing lease or to execute and deliver, or to procure the execution and delivery, to the Transferee of a new lease or an extension of the term of the existing lease, covering the premises used in connection with said business and providing for a continuous term which shall expire on the * day of * 20 .<br>The rent during such term shall not exceed $ * per month. * (See lease)<br>Transferee shall assume full performance of the existing lease, if assigned. Security in the sum of $13,500.00 now held by the landlord under the existing lease, is hereby added to the amount of the purchase price and is to be paid to the Transferor by the Transferee at the closing, less any valid set-off or counterclaim asserted by the landlord. Transferor shall also assign and transfer to the Transferee all of the Transferor's right, title and interest in said security. Any default on the part of the Transferor with respect to the provisions of this paragraph shall forthwith entitle the Transferee to repayment in full, on demand, of any deposit or payment on account hereunder. |
| LIQUIDATED | 12. Any willful, capricious or other inexcusable default hereunder on the part of either party shall entitle the aggrieved party to the sum of $5,000.00 as liquidated damages for breach of this contract in addition to repayment in full of any sum paid hereunder as aforesaid, said amount being hereby agreed upon by the reason of the difficulty in reducing the exact damages actually sustained to a mathematical certainty. |
| BROKER<br><br>COMMISSIONS | 13. The parties agree that    NO BROKER<br>of No.<br><br>is the only broker who brought about this sale. The Transferor shall pay to the Broker when and if title closes a commission at the rate of N/A per cent of the purchase price. |
| WARRANTIES SURVIVE | 14. The warranties and covenants contained herein shall survive the Bill of Sale and become a part thereof and continue in full force as though set forth at length therein. |
| PRIOR NAMES AND ADDRESS | 15. Transferor represents that Transferor has not used any other business names and/or addresses within the three years last past except as follows: Akita Inc. |
| DEFINITION OF GOODS | 16. The term "goods" as defined and used in the Uniform Commercial Code shall apply to this agreement. |
| CAPTIONS | 17. The captions are inserted only as a matter of convenience and for reference and in no way define, limit or describe the scope of this agreement nor the intent of any provision thereof. |

The terms, warranties and agreements herein contained shall bind and inure to the benefit of the respective parties hereto, and their respective legal representatives, successors and assigns.

The gender and number used in this agreement are used as a reference term only and shall apply with the same effect whether the parties are of the masculine or feminine gender, corporate or other form, and the singular shall likewise include the plural.

This agreement may not be changed orally.

IN WITNESS WHEREOF, the parties have respectively signed and sealed these presents the day and year first above written.

Akita Inc.

By: _____ L.S.
Yuan Hong Chen, President of the Transferor

New Akita Inc.

By: _Jin Cheng Zhang_ L.S.
Jin Cheng Zhang, President of the Transferee

STATE OF NEW YORK        COUNTY OF NEW YORK        SS.:

Yuan Hong Chen        being duly sworn deposes and says that:

He is the sole -------------------------------------------------------------------- Transferors;

The following is a true and complete list of: the existing creditors of the Transferor, showing their business addresses and the amounts owed to each; the names and addresses of all persons known to the transferor who have asserted claims which the Transferor disputes.

| Creditor-indicate if a Claimant | Business Address | Amount- indicate if disputed |
|---|---|---|
| NONE | | |

State of New York, County of New York:        SS:

On the        day of        , in the year 2012 before me, the undersigned, personally appeared
Yuan Hong Chen
personally known to me or proved to me on the basis of satisfactory evidence to be individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Akita Inc.

By: _____
Yuan Hong Chen, President of the Transferor

_____
(signature and office of individual taking acknowledgment)

3

## SCHEDULE A
### Property to be transferred

ALL FURNITURE, FIXTURE AND EQUIPMENT PRESENTLY EXISTING IN THE RESTAURANT LOCATED AT 1771 1st Avenue, South Store and Basement, New York, NY 10128

ALL EQUIPMENT SHALL BE IN AS IS WORKING CONDITION AT THE TIME OF CLOSING.

# RIDER TO CONTRACT FOR SALE OF BUSINESS ( NEW YORK )

SELLER: Akita Inc.

PURCHASER: New Akita Inc.

BUSINESS PREMISES: 1771 1st Avenue, New York, NY 10128

DATED: June 1st, 2012

18. Seller's attorney until closing shall hold the down payment paid by the purchaser in escrow.
19. The seller represents that all fixtures and equipment at the business premises shall be in working condition when seller delivers the possession of the business premises to the purchaser at the time of closing.
20. It is agreed that the value of the furniture, fixture and equipment included in the sale shall be $5,000.00.
21. In the event that the State of New York Shall appraise the said chattels and fixtures at an amount in excess of the allocation herein made thereon, then the PURCHASER will reimburse the SELLER for any additional sales taxes that may be due, plus any interest and penalties, on due demand for such payment. Said payment shall be guaranteed by PURCHASER, PURCHASER's Officers, Directors and Stockholders of PURCHASER's corporation and this provision shall survive the delivery of the Bill of Sale.
22. It is agreed that upon closing, the attorney for seller, Nolan Cheng, Esq., shall hold money in escrow for the following purposes:

    a. The sum of $ 5,000.00 shall be held in escrow for a period of 60 days from the date hereof to secure payment of all liabilities and creditors of the Seller, if any. In the event the escrow agent is notified of any claim in writing during said period, he is hereby authorized to pay any claim from the escrow fund. At the expiration of said period, the escrow agent is hereby authorized to release the balance of said monies, if any, to the Seller herein.

    b. The same sum of $ 5,000.00 shall be held in escrow to insure against any tax liabilities of the Seller which are determined by New York State Department of the Treasury, Bulk Sales Division. This amount shall be held in escrow until release or clearance is received from the New York State Department of the Treasury, Bulk Sales Division, authorizing a release of said monies.

23. This contract is subject to the obtaining of Landlord's consent to an assignment of the lease or to a new lease with the terms and conditions that is acceptable to the purchaser.
24. The seller represents that there is no violation pending against the business premises. If there is any, and the seller chooses not to cure any violations, the purchaser has the right to cancel the contract and receive the refund of the downpayment. Upon the receipt of the downpayment by purchaser, the parties shall released each other from any or all liabilities. This shall not survive closing

Seller: Akita Inc.

By: _____
Yuan Hong Chen, President

Purchaser: New Akita Inc.

By: _____
Jin Cheng Zhang, President

## KNOW ALL MEN BY THESE PRESENTS,

*THAT*         *Akita Inc.*

*Whose address is*         *1771 1ˢᵗ Avenue, New York, NY 10128*

*herein referred to as the Transferor, for and in consideration of the sum of $10.00 paid to Transferor, at or before the ensealing and delivery of these presents by*

           *New Akita Inc.*

*whose address is         1771 1ˢᵗ Avenue, New York, NY 10128*

*herein referred to as the Transferee, and for other good and valuable consideration, the receipt whereof is hereby acknowledged, sells, transfers, sets over and assigns to the said Transferee, the following described business: A Restaurant*

*Located at: 1771 1ˢᵗ Avenue, New York, NY 10128*

*TO HAVE AND TO HOLD the same unto the Transferee forever, subject to NONE*

          *AND the Transferor covenants and agrees, to and with the Transferee to warrant and defend the sale of said business and business assets hereby sold, unto the Transferee against all and every person and persons whomsoever.*

          *AND the Transferor further covenants and agrees to and with the Transferee, not to re-establish, re-open, be engaged in, nor in any manner whatsoever become interested, directly or indirectly, either as employee, as owner, as partner, as agent or as stockholder, director of officer of a corporation, or otherwise, in any business, trade or occupation similar to the one hereby sold, within the area bounded-*

*northerly by the    ten (10) blocks in every direction    side of _____*

*southerly by the _____ "  _____ side of _____*

*easterly by the _____ "  _____ side of _____*

*and westerly by the _____ "  _____ side of _____*

          *For a term of three (3) years from the date hereof,*

          *The warranties and covenants contained in the agreement heretofore entered into between the Transferor and Transferee dated the   1st   day of June 2012 shall survive this Bill of Sale and become a part hereof and shall continue in full force and effect as though herein set forth fully and at length.*

1

The terms, covenants and agreements herein contained shall bind and inure to the benefit of the Respective parties hereto, and their respective legal representatives, successors and assigns.

The gender and number used in this instrument are used as a reference term only and shall apply with the same effect whether the parties are of the masculine or feminine gender, corporate or other form, and the singular shall likewise include the plural.

IN WITNESS WHEREOF, the Transferor has signed and sealed these presents this 1st day of June 2012.

Signed, Sealed and Delivered
In the Presence of

Akita Inc.

By: _____ L.S.
Yuan Hong Chen,    President

## SCHEDULE OF THE FOREGOING BILL OF SALE

ALL FURNITURE, FIXTURE AND EQUIPMENT PRESENTLY EXISTING IN THE RESTAURANT LOCATED AT 1771 1st Avenue, New York, NY 10128

ALL EQUIPMENT TO BE IN AS IS WORKING CONDITION AT THE TIME OF CLOSING,

STATE OF New York

COUNTY OF  New York        S.S:

Yuan Hong Chen
being duly sworn, deposes and says, that he resides at 1771 1st Avenue, New York, NY 10128

    That he is the representative of the Transferor, a corporation organized under the Laws of the State of New York having its principal office at 1771 1st Avenue, New York, NY 10128

    That transferor is the sole and absolute owner of the property described in the foregoing bill of Sale, more specifically enumerated in the schedule hereto annexed and made a part thereof, and has full right and authority to sell and transfer the same.

    That the said property and each and every part thereof, is free and clear of any and all liens, mortgages, security interests, levies, debts, taxes or other claims or encumbrances.

    That there are no actions pending against the Transferor in any court; nor are here any replevins, judgments or executions outstanding, now in force; nor has any petition in bankruptcy or arrangement, been filed by or against the Transferor; nor has the Transferor taken advantage of any law relating to insolvency

    That the Transferor is not indebted to anyone and has no creditors.

    That this affidavit is made for the purpose and with the intent of inducing
              New Akita Inc.        Transferee
to purchase the business and property described in the said bill of sale knowing that said Transferee will rely on this affidavit and pay a good and valuable consideration.

State of New York, County of New York    SS:

On the 1st day of June in the year, 2012
before me, the undersigned, personally appeared
    Yuan Hong Chen
personally known to me or proved to me on the basis of
me that he/she/they executed the same in his/her/their
capacity(ies), and that by his/her/their signature(s) on the
instrument, the individual(s), or the person upon behalf of
which the individual(s) acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

Akita Inc.

By: _____
Yuan Hong Chen, President of the Transferor

    GRACE YIN YEUNG
NOTARY PUBLIC, State of New York
    No. 02YE6115444
    Qualified in New York County
My Commission Expires on September 7, 2012

3

## TO BE USED ONLY WHEN THE ACKNOWLEDGMENT IS MAKE IN NEW YORK STATE

State of New York, County of New York    SS:

On the 1st day of June, in the year 2012
before me, the undersigned, personally appeared
Yuan Hong Chen
personally known to me or proved to me on the basis of satisfactory evidence to be individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

GRACE YIN YEUNG
NOTARY PUBLIC, State of New York
No. 01YE6115444
Qualified in New York County
My Commission expires on September 7, 2012

State of New York, County of New York    SS:

On the    day of    in the year 2012
before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be individual (s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of Which the individual(s) acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

## TO BE USED ONLY WHEN THE ACKNOWLEDGEMENT IS MAKE OUTSIDE NEW YORK STATE

State (or District of Columbia, Territory, or Foreign County of    SS:

On the    day of    in the year    before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instruments, and that such individual make such appearance before the undersigned in the

_____ in _____
(insert the city or other political subdivision)    (and insert the State or Country or other place the acknowledgment was taken)

_____
(signature and office of individual taking acknowledgment)